# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| T.S., a minor by and through his parents and legal guardians, TROY STEPHENSON and MISTY STEPHENSON, | CIVIL ACTION NO.: |
| Plaintiffs, | |
| vs. | JURY TRIAL DEMANDED |
| TALLADEGA COUNTY BOARD OF EDUCATION; CHILDERSBURG MIDDLE SCHOOL; DR. SUZANNE LACEY, in her official and individual capacity; JENA JONES, in her official and individual capacity; MICHAEL BYNUM, in his official and individual capacity; ANITA FOY, in her official and individual capacity; | |
| Defendants. | |

## COMPLAINT

## INTRODUCTION

1. This is an action for legal and equitable relief to redress unlawful deprivation of rights of the Plaintiff, T.S., (hereinafter "Plaintiff"). This suit is brought to secure the protection of and to redress the deprivation of rights secured by the First and Fourteenth Amendments of the United States Constitution and gives rise to a cause of action pursuant to 42 U.S.C. § 1983 as Defendants were acting under color of state law.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331, 1343(a)(3), and 1343 (a)(4). The jurisdiction of this Court over Plaintiff's state law claims is invoked pursuant to 28 U.S. Code § 1367.

3. Venue is proper in this Court.

## PARTIES

4. Plaintiff is a minor under the age of 19. Plaintiff brings this action by and through his parents and legal guardians Troy Stephenson and Misty Stephenson. Plaintiff is a resident of Talladega County and was, at all times material hereto, an 8th grade student at Childersburg Middle School.

5. Defendant, Talladega County Board of Education, is an agency of the State of Alabama.

6. Defendant, Dr. Suzanne Lacey, is the superintendent of Talladega County Board of Education.

7. Defendant, Childersburg Middle School, is a public education school within the Talladega County Board of Education and is located in Childersburg, Alabama.

8. Defendant, Jena Jones, is the principal at Childersburg Middle School.

9. Defendant, Michael Bynum, at all times material hereto, was the Assistant Principal at Childersburg Middle School.

10. Defendant, Anita Foy, at all times material hereto, was an 8th grade teacher at Childersburg Middle School.

**STATEMENT OF FACTS**

11. Plaintiff, at all times material hereto, was an 8th grade student at Childersburg Middle School (hereinafter "CMS") during the 2016-2017 school year. Plaintiff was a student in Defendant Anita Foy's (hereinafter "Foy") 8th grade class.

12. On or about November 10, 2016, two days after the 2016 United States Presidential Election, Plaintiff wrote then-president-elect Donald Trump's name on the classroom chalkboard/whiteboard in Foy's classroom. Plaintiff wrote the word "Trump" on the board. Plaintiff was then sent to the principal's office by Foy. (See Exhibit A).

13. Plaintiff's parents, Troy and Misty Stephenson (hereinafter "Parents") were notified via telephone by Defendants that Plaintiff was going to be corporally punished for writing "Trump" on the classroom board. Plaintiff's Parents did not consent nor did they give permission to Defendants to punish Plaintiff by corporal punishment. In fact, Plaintiff's Parents expressly prohibited Defendants from corporally punishing Plaintiff.

14. On or about November 10, 2016, Defendants administered corporal punishment to Plaintiff by paddling him on his buttocks causing physical injury, shame and humiliation, emotional trauma and mental anguish.

15. The Talladega County Board of Education's Code of Conduct and Attendance (hereinafter "Code") defines the scope and administration of corporal punishment for CMS. Section IX of the Code states as follows: "Corporal punishment shall be administered on a limited basis and **only after other forms of punishment have been tried and proven to be ineffective.**" (emphasis added).

16. Section VII of the Code defines the Student Code of Conduct and the Classification of Violations and Administrative Options. Specifically, Section VII states that

"Each classroom teacher will deal with general classroom disruption by utilizing in-class disciplinary measures, by telephoning the parent(s) of record or guardian(s) when feasible. Only when the action taken by the teacher is ineffective, or the disruption is severe, shall the student be referred to the principal or his/her designee."

17. Defendants administered corporal punishment to Plaintiff in violation of the Talladega County Schools Code of Conduct and Attendance for writing then-president-elect Donald Trump's name on the classroom chalkboard/whiteboard.

18. Plaintiff's expression by writing "Trump" on the classroom blackboard/whiteboard could not reasonably be believed to create material and substantial disruption of the school environment, intrusion upon the rights of others, or an interference with the educational process. Plaintiff was punished based on his federally protected political speech and viewpoints.

19. The Defendants have a habit and/or practice of allowing and condoning violations of students' First Amendment rights to free speech and Fourteenth Amendment rights to due process. The Defendant has a habit and/or practice of allowing and condoning retaliation against its students' for engaging in constitutionally protected activities.

## STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE

### VIOLATION OF CONSTITUTIONAL RIGHT OF FREE SPEECH UNDER THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUITION AND 42 U.S.C. § 1983

20. Plaintiff hereby adopts and re-alleges paragraphs one (1) through nineteen (19) as if fully set forth herein.

21. By and through their conduct as described herein, and acting under color of state

law to deprive Plaintiff of his right to freedom of speech under of the First Amendment as applied to the states under the Fourteenth Amendment to the United States Constitution, the individual Defendants are liable for violations of 42 U.S.C. § 1983 which prohibits the deprivations, under color of state law, of rights secured under the United States Constitution.

22. On or about November 10, 2016, two days after the 2016 United States Presidential Election, Plaintiff wrote then-president-elect Donald Trump's name on the classroom chalkboard/whiteboard in Foy's classroom. Plaintiff wrote the word "Trump" on the board. Plaintiff was then sent to the principal's office by Foy.

23. Plaintiff's parents, Troy and Misty Stephenson (hereinafter "Parents") were notified via telephone by Defendants that Plaintiff was going to be corporally punished for writing "Trump" on the classroom board. Plaintiff's Parents did not consent nor did they give permission to Defendants to punish Plaintiff by corporal punishment. In fact, Plaintiff's Parents expressly prohibited Defendants from corporally punishing Plaintiff.

24. On or about November 10, 2016, Defendants administered corporal punishment to Plaintiff by paddling him on his buttocks causing physical injury, shame and humiliation, emotional trauma and mental anguish.

25. The Talladega County Board of Education's Code of Conduct and Attendance (hereinafter "Code") defines the scope and administration of corporal punishment for CMS. Section IX of the Code states as follows: "Corporal punishment shall be administered on a limited basis and **only after other forms of punishment have been tried and proven to be ineffective.**" (emphasis added).

26. Section VII of the Code defines the Student Code of Conduct and the Classification of Violations and Administrative Options. Specifically, Section VII states that

"Each classroom teacher will deal with general classroom disruption by utilizing in-class disciplinary measures, by telephoning the parent(s) of record or guardian(s) when feasible. Only when the action taken by the teacher is ineffective, or the disruption is severe, shall the student be referred to the principal or his/her designee."

27. Defendants administered corporal punishment to Plaintiff in violation of the Talladega County Schools Code of Conduct and Attendance for writing then-president-elect Donald Trump's name on the classroom chalkboard/whiteboard.

28. Plaintiff's expression by writing "Trump" on the classroom blackboard/whiteboard could not reasonably be believed to create material and substantial disruption of the school environment, intrusion upon the rights of others, or an interference with the educational process. Plaintiff was punished based on his federally protected political speech and viewpoints.

29. That the acts and omissions of the Defendants were such that would deter a person of ordinary firmness from exercising his or her rights under the First Amendment to the United States Constitution.

30. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

31. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish as a consequence of Defendant's unlawful conduct.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court adopt jurisdiction of the action and award Plaintiff the following relief:

  a. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the First and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983;

  b. Grant Plaintiff a permanent injunction enjoining Defendant, Its Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violations of the First and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983;

  c. Grant plaintiff an Order requiring Defendant to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), interest, attorney's fees, expenses, and costs; and,

  d. Plaintiff prays for such other, further, different, or additional relief and benefits as justice may require.

## COUNT TWO

### VIOLATION OF CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUITION AND 42 U.S.C. § 1983

  32. Plaintiff hereby adopts and re-alleges paragraphs one (1) through nineteen (19) as if fully set forth herein.

  33. By and through their conduct as described herein, and acting under color of state law to deprive Plaintiff of his right to life, liberty, or property, without due process of law under the Fourteenth Amendment of the United States Constitution, the individual Defendants are liable for violations of 42 U.S.C. § 1983 which prohibits the deprivations, under color of state law, of rights secured under the United States Constitution.

  34. On or about November 10, 2016, two days after the 2016 United States

Presidential Election, Plaintiff wrote then-president-elect Donald Trump's name on the classroom chalkboard/whiteboard in Foy's classroom. Plaintiff wrote the word "Trump" on the board. Plaintiff was then sent to the principal's office by Foy.

35.     Plaintiff's parents, Troy and Misty Stephenson (hereinafter "Parents") were notified via telephone by Defendants that Plaintiff was going to be corporally punished for writing "Trump" on the classroom board. Plaintiff's Parents did not consent nor did they give permission to Defendants to punish Plaintiff by corporal punishment. In fact, Plaintiff's Parents expressly prohibited Defendants from corporally punishing Plaintiff.

36.     On or about November 10, 2016, Defendants administered corporal punishment to Plaintiff by paddling him on his buttocks causing physical injury, shame and humiliation, emotional trauma and mental anguish.

37.     The Talladega County Board of Education's Code of Conduct and Attendance (hereinafter "Code") defines the scope and administration of corporal punishment for CMS. Section IX of the Code states as follows: "Corporal punishment shall be administered on a limited basis and **only after other forms of punishment have been tried and proven to be ineffective.**" (emphasis added).

38.     Section VII of the Code defines the Student Code of Conduct and the Classification of Violations and Administrative Options. Specifically, Section VII states that "Each classroom teacher will deal with general classroom disruption by utilizing in-class disciplinary measures, by telephoning the parent(s) of record or guardian(s) when feasible. Only when the action taken by the teacher is ineffective, or the disruption is severe, shall the student be referred to the principal or his/her designee."

39.     Defendants administered corporal punishment to Plaintiff in violation of the

Talladega County Schools Code of Conduct and Attendance for writing then-president-elect Donald Trump's name on the classroom chalkboard/whiteboard. Defendants did not follow the rules for corporal punishment as defined in the Talladega County Schools Code of Conduct and Attendance. Defendants did not give Plaintiff any other form of punishment prior to corporal punishment.

40. Plaintiff's expression by writing "Trump" on the classroom blackboard/whiteboard could not reasonably be believed to create material and substantial disruption of the school environment, intrusion upon the rights of others, or an interference with the educational process. Plaintiff was punished based on his federally protected political speech and viewpoints.

41. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

42. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish as a consequence of Defendant's unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court adopt jurisdiction of the action and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the First and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983;

b. Grant Plaintiff a permanent injunction enjoining Defendants, Its Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's

request from violations of the First and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983;

    c.    Grant plaintiff an Order requiring Defendants to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), interest, attorney's fees, expenses, and costs; and,

    d.    Plaintiff prays for such other, further, different, or additional relief and benefits as justice may require.

## COUNT THREE

## ASSAULT AND BATTERY

43.    Plaintiff hereby adopts and re-alleges paragraphs one (1) through twenty (20) as if fully set forth herein.

44.    Defendants intentionally assaulted and physically battered Plaintiff with the intent to harm Plaintiff as described herein. Such conduct was extreme and outrageous and would be deemed highly offensive to a reasonable person.

45.    On or about November 10, 2016, two days after the 2016 United States Presidential Election, Plaintiff wrote then-president-elect Donald Trump's name on the classroom chalkboard/whiteboard in Foy's classroom. Plaintiff wrote the word "Trump" on the board. Plaintiff was then sent to the principal's office by Foy.

46.    Plaintiff's parents, Troy and Misty Stephenson (hereinafter "Parents") were notified via telephone by Defendants that Plaintiff was going to be corporally punished for writing "Trump" on the classroom board. Plaintiff's Parents did not consent nor did they give permission to Defendants to punish Plaintiff by corporal punishment. In fact, Plaintiff's Parents

expressly prohibited Defendants from corporally punishing Plaintiff.

47. On or about November 10, 2016, Defendants administered corporal punishment to Plaintiff by paddling him on his buttocks causing physical injury, shame and humiliation, emotional trauma and mental anguish.

48. The Talladega County Board of Education's Code of Conduct and Attendance (hereinafter "Code") defines the scope and administration of corporal punishment for CMS. Section IX of the Code states as follows: "Corporal punishment shall be administered on a limited basis and **only after other forms of punishment have been tried and proven to be ineffective.**" (emphasis added).

49. Section VII of the Code defines the Student Code of Conduct and the Classification of Violations and Administrative Options. Specifically, Section VII states that "Each classroom teacher will deal with general classroom disruption by utilizing in-class disciplinary measures, by telephoning the parent(s) of record or guardian(s) when feasible. Only when the action taken by the teacher is ineffective, or the disruption is severe, shall the student be referred to the principal or his/her designee."

50. Defendants administered corporal punishment to Plaintiff in violation of the Talladega County Schools Code of Conduct and Attendance for writing then-president-elect Donald Trump's name on the classroom chalkboard/whiteboard. Defendants did not follow the rules for corporal punishment as defined in the Talladega County Schools Code of Conduct and Attendance. Defendants did not give Plaintiff any other form of punishment prior to corporal punishment.

51. Plaintiff's expression by writing "Trump" on the classroom blackboard/whiteboard could not reasonably be believed to create material and substantial

disruption of the school environment, intrusion upon the rights of others, or an interference with the educational process. Plaintiff was punished based on his federally protected political speech and viewpoints.

52. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

53. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish as a consequence of Defendant's unlawful conduct

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court adopt jurisdiction of the action and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the First and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983;

b. Grant Plaintiff a permanent injunction enjoining Defendants, Its Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violations of the First and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983;

c. Grant plaintiff an Order requiring Defendants to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), interest, attorney's fees, expenses, and costs; and,

d. Plaintiff prays for such other, further, different, or additional relief and benefits as justice may require.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54.     Plaintiff hereby adopts and re-alleges paragraphs one (1) through twenty (20) as if fully set forth herein.

55.     Defendants, by and through their extreme and outrageous conduct, are liable to Plaintiff for intentional infliction of emotional distress by intentionally and/or reckless inflicting severe emotional distress on Plaintiff.

56.     Defendants intentionally assaulted and physically battered Plaintiff with the intent to harm Plaintiff as described herein. Such conduct was extreme and outrageous and would be deemed highly offensive to a reasonable person.

57.     On or about November 10, 2016, two days after the 2016 United States Presidential Election, Plaintiff wrote then-president-elect Donald Trump's name on the classroom chalkboard/whiteboard in Foy's classroom. Plaintiff wrote the word "Trump" on the board. Plaintiff was then sent to the principal's office by Foy.

58.     Plaintiff's parents, Troy and Misty Stephenson (hereinafter "Parents") were notified via telephone by Defendants that Plaintiff was going to be corporally punished for writing "Trump" on the classroom board. Plaintiff's Parents did not consent nor did they give permission to Defendants to punish Plaintiff by corporal punishment. In fact, Plaintiff's Parents expressly prohibited Defendants from corporally punishing Plaintiff.

59.     On or about November 10, 2016, Defendants administered corporal punishment to Plaintiff by paddling him on his buttocks causing physical injury, shame and humiliation, emotional trauma and mental anguish.

60.     The Talladega County Board of Education's Code of Conduct and Attendance

(hereinafter "Code") defines the scope and administration of corporal punishment for CMS. Section IX of the Code states as follows: "Corporal punishment shall be administered on a limited basis and **only after other forms of punishment have been tried and proven to be ineffective.**" (emphasis added).

61. Section VII of the Code defines the Student Code of Conduct and the Classification of Violations and Administrative Options. Specifically, Section VII states that "Each classroom teacher will deal with general classroom disruption by utilizing in-class disciplinary measures, by telephoning the parent(s) of record or guardian(s) when feasible. Only when the action taken by the teacher is ineffective, or the disruption is severe, shall the student be referred to the principal or his/her designee."

62. Defendants administered corporal punishment to Plaintiff in violation of the Talladega County Schools Code of Conduct and Attendance for writing then-president-elect Donald Trump's name on the classroom chalkboard/whiteboard. Defendants did not follow the rules for corporal punishment as defined in the Talladega County Schools Code of Conduct and Attendance. Defendants did not give Plaintiff any other form of punishment prior to corporal punishment.

63. Plaintiff's expression by writing "Trump" on the classroom blackboard/whiteboard could not reasonably be believed to create material and substantial disruption of the school environment, intrusion upon the rights of others, or an interference with the educational process. Plaintiff was punished based on his federally protected political speech and viewpoints.

64. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

65. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish as a consequence of Defendant's unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court adopt jurisdiction of the action and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the First and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983;

b. Grant Plaintiff a permanent injunction enjoining Defendants, Its Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violations of the First and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983;

c. Grant plaintiff an Order requiring Defendants to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), interest, attorney's fees, expenses, and costs; and,

d. Plaintiff prays for such other, further, different, or additional relief and benefits as justice may require.

Dated this 8TH day of November, 2017.

Respectfully submitted,

/s/ Scott Morro
Scott Morro (ASB-4954-C30M)

                                  Attorney for Plaintiff
                                  Morro Law Center, LLC
                                  P.O. Box 1644
                                  Gardendale, AL  35071
                                  (205) 631-6301 (office)
                                  morrolawcenter@bellsouth.net

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL**