# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **T.S., a minor by and through his parents and legal guardians, et al.,** ) ) ) | |
| **Plaintiff,** ) ) | **Case No.: 1:17-CV-1876-VEH** |
| **v.** ) ) | |
| **TALLADEGA COUNTY BOARD OF EDUCATION, et al.,** ) ) ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

This is a civil action filed by the Plaintiff, T.S.[1], a minor, by and through his parents and legal guardians, Troy and Misty Stephenson. (Doc. 1). The Plaintiff sues the Talladega County Board of Education (the "Board"), Childersburg Middle School, Dr. Suzanne Lacey (individually and in her official capacity as the Superintendent of the Board), Jena Jones (individually and in her official capacity as the Principal of Childersburg Middle School), Michael Bynum (individually and in his official capacity

---

[1] The Court's CM/ECF Administrative Procedures Manual provides that "[i]f the involvement of a minor child must be mentioned, only the initials of that child should be used." CM/ECF Administrative Procedures - Civil 02-01-2018 at 13. The manual may be found online at:

http://www.alnd.uscourts.gov/sites/alnd/files/AL-N%20Civil%20Administrative%20Procedures%20Manual.Revision.02-2018.pdf.

as the Assistant Principal of Childersburg Middle School), and Anita Foy (individually and in her official capacity as a teacher at Childersburg Middle School). T.S. alleges that he was given corporal punishment after he wrote the name "Trump" on the board of his classroom. He asserts that the Defendants are liable under 42 U.S.C. § 1983 ("Section 1983") for: violating his right to free speech guaranteed by the First Amendment to the United States Constitution (Count One); and violating his right to due process guaranteed by the Fourteenth Amendment of the United States Constitution (Count Two). The Plaintiff also alleges that the Defendants are liable for the Alabama state law claims of: assault and battery (Count Three), and intentional infliction of emotional distress (Count Four).

The case comes before the Court on: Lacey's Motion for Judgment on the Pleadings (doc. 5); the Board's Motion To Dismiss (doc. 7); Childersburg Middle School's Motion To Dismiss (doc. 8); and the Motion for Judgment on the Pleadings filed by Jones, Bynum, and Foy (doc. 16). For the reasons stated herein, the Motions To Dismiss filed by the Board and Childersburg Middle School will be **GRANTED**. The remaining motions will be **GRANTED in part**, and the Plaintiff will be given an opportunity to amend his Complaint.

## I. STANDARD FOR RULING ON A MOTION TO DISMISS[2]

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). However, to survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*").

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556) ("*Iqbal*"). That is, the complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote omitted). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without

---

[2] Two of the motions before the Court are styled as motions for "Judgment on the Pleadings." (*See* docs. 5, 16). Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The pleadings in this case are not yet closed. No Defendant has filed an Answer. Accordingly, the Court treats all of the pending motions as having been filed pursuant to Rule 12(b)(6). Still, it is a distinction without a difference. *See, United States v. Bahr*, 275 F.R.D. 339, 340 (M.D. Ala. 2011) (Fuller, J.) (noting that the same standard is used for motions filed pursuant to Rule 12(b)(6) and Rule 12(c) and that "[t]he main difference between the motions is that a motion for judgment on the pleadings is made after an answer and that answer may also be considered in deciding the motion.").

supporting factual allegations. *Id.* at 555, 557 (citation omitted).

Once a claim has been stated adequately, however, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citation omitted). Further, when ruling on a motion to dismiss, a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)).

## II. FACTUAL ALLEGATIONS IN THE COMPLAINT

The Complaint sets out the following facts:

11. Plaintiff, at all times material hereto, was an 8th grade student at Childersburg Middle School (hereinafter "CMS") during the 2016-2017 school year. Plaintiff was a student in Defendant Anita Foy's (hereinafter "Foy['s]") 8th grade class.

12. On or about November 10, 2016, two days after the 2016 United States Presidential Election, Plaintiff wrote then-president-elect Donald Trump's name on the classroom chalkboard/whiteboard in Foy's classroom. Plaintiff wrote the word "Trump" on the board. Plaintiff was then sent to the principal's office by Foy.

13. Plaintiff's parents, Troy and Misty Stephenson (hereinafter "Parents") were notified via telephone by Defendants that Plaintiff was going to be corporally punished for writing "Trump" on the classroom board. Plaintiff's Parents did not consent nor did they give permission to Defendants to punish Plaintiff by corporal punishment. In fact, Plaintiff's Parents expressly prohibited Defendants from corporally punishing Plaintiff.

14. On or about November 10, 2016, Defendants administered corporal punishment to Plaintiff by paddling him on his buttocks causing physical injury, shame and humiliation, emotional trauma and mental anguish.

15. The Talladega County Board of Education's Code of Conduct and Attendance (hereinafter "Code") defines the scope and administration of corporal punishment for CMS. Section IX of the Code states as follows: "**Corporal punishment shall be administered on a limited basis and only after other forms of punishment have been tried and proven to be ineffective.**"[3]

16. Section VII of the Code defines the Student Code of Conduct and the Classification of Violations and Administrative Options. Specifically, Section VII states that "Each classroom teacher will deal with general classroom disruption by utilizing in-class disciplinary measures, by telephoning the parent(s) of record or guardian(s) when feasible. Only when the action taken by the teacher is ineffective, or the disruption is severe, shall the student be referred to the principal or his/her designee."

17. Defendants administered corporal punishment to Plaintiff in violation of the Talladega County Schools Code of Conduct and Attendance for writing then-president-elect Donald Trump's name on the classroom chalkboard/whiteboard.

18. Plaintiff's expression by writing "Trump" on the classroom blackboard/whiteboard could not reasonably be believed to create material and substantial disruption of the school environment, intrusion upon the rights of others, or an interference with the educational process. Plaintiff was punished based on his federally protected political speech and viewpoints.

(Doc. 1 at 3-4, ¶¶11-18) (citation to "Exhibit A" omitted).[4]

---

[3] Emphasis in Complaint.

[4] The facts alleged in paragraphs 12-18 are re-alleged in each count of the Complaint. (*See* doc. 1 at 5-6, ¶¶22-28; doc. 1 at 7-9, ¶¶34-40; doc. 1 at 10-12, ¶¶45-51; doc. 1 at 13-14, ¶¶57-

5

Attached to the Complaint as "Exhibit A" is the "Discipline Referral Form" completed by Foy when she sent the Plaintiff to the principal's office. (Doc. 1-1). In the section marked "Nature of Problem," Foy wrote:

> Students were told [] yesterday, because of the sensitivity of the matter, not to discuss the election unless it was in History class. They were told any discussion would result in an office referral. [T.S.] decided to write "Trump" on my board this morning, disregarding others that were in the classroom. This resulted in some upset students. I informed [him] that the name (it could have been the other candidate) wasn't the issue. But it was the nature of everything behind it.

(Doc. 1-1 at 1).

## III. ANALYSIS

### A. Childersburg Middle School's Motion To Dismiss (Doc. 8)

Childersburg Middle School correctly argues that it is not a separate legal entity capable of being sued. *See Bessemer City Bd. Of Educ.*, 143 So.3d 726, 729 (Ala. 2013) ("The school is also due to be dismissed from the action because it is not a separate legal entity from the Board but operates under the direction of the Board."). The Plaintiff agrees that the school's motion is due to be granted. (Doc. 19 at 3). The motion will be granted, and Childersburg Middle School will be dismissed with prejudice.

---

63).

### B. The Board's Motion To Dismiss (Doc. 7)

The Board correctly argues that the state law claims in Counts Three and Four, to the extent that they are alleged against it, are due to be dismissed on the basis of sovereign immunity. *See Ex parte Jackson County Bd. of Educ.*, 4 So.3d 1099, 1103 (Ala., 2008). The Plaintiff agrees that dismissal is appropriate. The motion will be granted, and Counts Three and Four, to the extent that they are brought against the Board, will be dismissed with prejudice.

### C. Lacey's Motion To Dismiss (Doc. 5)

The Plaintiff concedes that the official capacity claims against Lacey are duplicative of the claims against the Board and therefore are due to be dismissed. (Doc. 19 at 11-12). The Plaintiff also concedes that all claims for injunctive and declaratory relief against Lacy in her individual capacity are due to be dismissed. (Doc. 19 at 9, 10). Lacey's Motion To Dismiss, to the extent that it is addressed to these claims, will be granted, and these claims will be dismissed with prejudice.

All that remains are the individual capacity claims against Lacey. Lacey correctly argues that the claims against her are not plausible because there is no factual basis for them. The Plaintiff responds:

> Lacey is the superintendent of the Talladega County Board of Education. [] The superintendent implements the school board's vision by making day-to-day decisions about educational programs, spending, staff, and

> facilities. The superintendent hires, supervises, and manages the central staff and principals. The facts in the Complaint allege that Defendants administered corporal punishment to Plaintiff. [] It is reasonably plausible that Lacey would have been consulted in, and ultimately decided, the unlawful punishment administered to Plaintiff.

(Doc. 19 at 9). The Plaintiff's argument fails because the Complaint fails to allege any facts which plausibly demonstrate that Lacey was "consulted" in the punishment, or "decided" that the punishment should be given. Simply put, the Complaint alleges no conduct by Lacey at all. Indeed, it is "shotgun" in nature, because it is "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the . . . defendants charged." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). However, because Lacey seeks relief in the alternative in the form of a more definite statement as to the claims against her (doc. 5 at 13), and because the Complaint in this case has not been amended, the Court will allow the Plaintiff to amend to set out in more detail the claims against Lacey.[5,6]

### D. The Motion To Dismiss Filed by Jones, Bynum, and Foy (Doc. 16)

The Plaintiff concedes that the official capacity claims against Jones, Bynum, and Foy are duplicative of the claims against the Board and therefore are due to be

---

[5] The Court allows the amendment despite the fact that the Plaintiff has not sought leave to amend. Any amendment should explain the exact conduct by <u>each</u> Defendant which makes them liable under each count.

[6] The Defendants admit that the question of qualified immunity, which they raised in their motions, "is not ripe at this stage." (Doc. 20 at 6).

dismissed. (Doc. 19 at 4). The Plaintiff also concedes that all claims for injunctive and declaratory relief against these Defendants in their individual capacities are due to be dismissed. (Doc. 19 at 4). The Motion To Dismiss filed by Jones, Bynum, and Foy, to the extent that it is addressed to these claims, will be granted, and these claims will be dismissed with prejudice.

Accordingly, all that remains are the individual capacity claims against Jones, Bynum, and Foy. Like Lacey, these Defendants argue that there is no factual basis for the claims against them. The Plaintiff responds that "[t]he facts in the Complaint allege that Defendants Bynum and Foy administered corporal punishment to Plaintiff." (Doc. 19 at 3) (citing doc. 1 at 4, ¶17). That is incorrect. As noted previously, the Complaint in this case is shotgun in nature. In so keeping, the paragraph cited by the Plaintiff states that "Defendants" issued corporal punishment to the Plaintiff. Of Bynum, Jones, and Foy, the complaint alleges specific conduct only of Foy, and then, only that she "sent [the Plaintiff] to the principal's office." (Doc. 1 at 3, ¶12). The Plaintiff also argues that "Jones is both Bynum's and Foy's supervisor. It is reasonably plausible that Jones would have been consulted in, and ultimately decided, the unlawful punishment administered to Plaintiff." (Doc. 19 at 3-4). This argument fails for the same reason it failed as to Lacey--the Complaint fails to allege any facts which plausibly demonstrate that Jones was "consulted" in the punishment, or "decided" that the punishment should

9

be given.

Regardless, since the Court is allowing the Plaintiff to amend anyway, it will allow the Plaintiff to amend to set out in more detail, consistent with the holdings in this opinion, the claims against Bynum, Jones, and Foy.

## IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED, ADJUDGED**, and **DECREED** as follows:

1. Childersburg Middle School's Motion To Dismiss (doc. 8) is **GRANTED**, and Childersburg Middle School is **DISMISSED with prejudice**.

2. The Board's Motion To Dismiss (doc. 7) is **GRANTED**, and Counts Three and Four, to the extent that they are brought against the Board, are **DISMISSED with prejudice**.

3. Lacey's Motion To Dismiss (doc. 5) is **GRANTED** to the extent that it sought dismissal of all official capacity claims brought against her, and all claims against her for injunctive and declaratory relief. Those claims are **DISMISSED with prejudice**. In all other respects, the Motion is **DENIED**.

4. The Motion To Dismiss Filed by Jones, Bynum, and Foy (doc. 16) is **GRANTED** to the extent that it sought dismissal of all official capacity claims brought against them, and all claims against them for injunctive and declaratory

relief. Those claims are **DISMISSED with prejudice**. In all other respects, the Motions are **DENIED**.

5. **No later than May 11, 2018, the Plaintiff SHALL file an "Amended Complaint," which is not shotgun in nature, and which clearly sets out the factual basis for holding each remaining Defendant liable for any claim made against them. Should this document not be filed within the time prescribed, this matter will be DISMISSED with prejudice pursuant to Rule 12(b)(6) and Rule 41(b).**

**DONE** and **ORDERED** this 27th day of April, 2018.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge