UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| T.S., a minor, by and through his parents and legal guardians, TROY STEPHENSON and MISTY STEPHENSON,<br><br> Plaintiff,<br><br>v.<br><br>TALLADEGA COUNTY BOARD OF EDUCATION, et al.,<br><br> Defendants. | Case No.: 1:17-cv-1876-ACA |

## MEMORANDUM OPINION AND ORDER

 Plaintiff T.S., a minor, by and through his parents and legal guardians, Troy Stephenson and Misty Stephenson, claims that his assistant principal corporally punished him for writing President Donald Trump's name on a classroom chalkboard when T.S. was in 8th grade at Childersburg Middle School. T.S. asserts 42 U.S.C. § 1983 and state law claims against Defendants Talladega County Board of Education, Michael Bynum, and Anita Foy.

 Before the court is Defendant Anita Foy's motion for partial dismissal of T.S.'s claims against her. (Doc. 28). The court entered a briefing schedule on the

motion and ordered T.S. to respond on or before July 5, 2018. (Doc. 30). T.S. did not file a response. On July 10, 2018, Ms. Foy filed a reply in support of her motion to dismiss. (Doc. 31). The court considers the motion ripe for adjudication because T.S. has had adequate time to prepare a substantive response.

For the reasons explained below, the court GRANTS Ms. Foy's motion.

**I.    STANDARD OF REVIEW**

Pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556. A complaint need not contain detailed factual allegations, but a complaint must

contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When resolving a motion to dismiss, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1297 (11th Cir. 2015) (quoting *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam)). Although the court must accept well-pleaded facts as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## II. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On April 27, 2018, the court granted in part and denied in part the Defendants' motions to dismiss T.S.'s original complaint. (Doc. 23). The court ordered T.S. to file, on or before May 11, 2018, an amended complaint that "clearly sets out the factual basis for holding each remaining Defendant liable for any claim made against them." (Doc. 23, p. 11). On May 9, 2018, T.S. filed an amended complaint which is now the operative pleading. (Doc. 24).

According to the amended complaint, during the 2016-17 school year, T.S. was a student in Ms. Foy's 8th grade class at Childersburg Middle School. (Doc. 24, ¶ 8). On November 10, 2016, two days after the 2016 United States presidential election, T.S. wrote President-Elect Donald Trump's last name on the

classroom chalkboard or whiteboard. (Doc. 24, ¶ 9). Ms. Foy sent T.S. to the principal's office. (Doc. 24, ¶ 9). Ms. Foy or Assistant Principal Michael Bynum called T.S.'s parents and told them that T.S. "was going to be corporally punished for writing 'Trump' on the classroom board." (Doc. 24, ¶ 10). T.S.'s parents did not consent to corporal punishment and expressly asked the school not to punish T.S. in this manner. (Doc. 24, ¶ 10).

Despite his parents' request, Mr. Bynum "administered corporal punishment to T.S. by paddling him on his buttocks causing physical injury, shame and humiliation, emotional trauma and mental anguish." (Doc. 24, ¶ 11). T.S. alleges that Mr. Bynum administered corporal punishment in violation of the Talladega County Schools Code of Conduct and Attendance. (Doc. 24, ¶¶ 12-14). Section VII of the Code of Conduct and Attendance states:

> Each classroom teacher will deal with general classroom disruption by utilizing in-class disciplinary measures, by telephoning the parent(s) of record or guardian(s) when feasible. Only when the action taken by the teacher is ineffective, or the disruption is severe, shall the student be referred to the principal or his/her designee.

(Doc. 24, ¶ 13). Section IX of the Code of Conduct and Attendance provides that "[c]orporal punishment shall be administered on a limited basis and only after other forms of punishment have been tried and proven to be ineffective." (Doc. 24, ¶ 12).

T.S. contends that his actions "could not reasonably be believed to create material and substantial disruption of the school environment, intrusion upon the rights of others, or an interference with the educational process." (Doc. 24, ¶ 15). T.S. asserts that Mr. Bynum punished him for expressing his federally protected political speech and viewpoints. (Doc. 24, ¶ 15).

Based on these facts, T.S. asserts four claims against Ms. Foy: (1) § 1983 First Amendment Free Speech; (2) § 1983 Fourteenth Amendment Due Process; (3) state law assault and battery; and (4) state law intentional infliction of emotional distress. (Doc. 24, pp. 4-10). Ms. Foy asks the court to dismiss T.S.'s § 1983 due process and state law claims. Ms. Foy does not seek dismissal of T.S.'s § 1983 First Amendment claim against her. (Doc. 28).

## III. DISCUSSION

### A. § 1983 Fourteenth Amendment Due Process

In Count Two of his amended complaint, T.S. asserts a § 1983 due process claim against Ms. Foy. The Due Process Clause of the Fourteenth Amendment provides that no state "shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. "In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property

interest; (2) state action; and (3) constitutionally-inadequate process." *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006).

In his amended complaint, T.S. does not specifically allege how Ms. Foy violated his due process rights. To the extent that T.S. bases his § 1983 due process claim against Ms. Foy on her failure to utilize the school district's in-class disciplinary measures before removing T.S. from the classroom, T.S. has failed to state a procedural due process claim because he has not alleged a deprivation of a constitutionally-protected liberty or property interest.

Removal of a student from the classroom deprives a student of his procedural due process only if the removal constitutes "the total exclusion from the educational process for more than a trivial period." *Goss v. Lopez*, 419 U.S. 565, 576 (1975). Due process rights are not implicated if the removal from a classroom results in only a "de minimus level of imposition." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977). As one federal district court in this circuit has explained:

> Courts have consistently held that short-term in-school suspensions or timeouts do not lead to procedural due process claims. *Laney v. Farley*, 501 F.3d 577, 582 (6th Cir.2007) (in-school suspensions that result in a student's removal from the classroom do not "implicate a student's property interest in a public education"). And even repeated removals over the course of weeks and months do not trigger the due process clause's protection. *Couture v. Board of Educ. of Albuquerque Public Schools,* 535 F.3d 1243, 1256–57 (10th Cir.2008) (removal of disabled student from classroom "approximately twenty-one times for a total of twelve hours" over roughly two months was *de minimis* deprivation of rights that did not implicate procedural due process, even when student was not permitted to go to restroom); *Dickens v.*

> *Johnson County Bd. of Educ.*, 661 F.Supp. 155, 158 (E.D.Tenn.1987) (cited approvingly by *Laney* and holding that student's property interest in education was not implicated when he was placed in a timeout in a cardboard box for as long as four and a half hours on six consecutive days); *Jones v. Long County School Dist.*, No. 211–005–LGW, 2012 WL 3562300 at *5 (S.D.Ga. Aug. 14, 2012) (noting that in-school suspensions generally do not implicate procedural due process rights because *Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975) holds that such rights are triggered only by a "total exclusion" from the school environment).

*Williams v. Fulton Cty. School Dist.*, 181 F. Supp. 3d 1089, 1131 (N.D. Ga. 2016).

T.S. alleges that Ms. Foy removed him from the classroom on one occasion on November 10, 2016. These facts do not plausibly suggest that Ms. Foy's actions "totally excluded" T.S. from the educational process. Therefore, T.S. has failed to state a § 1983 due process claim against Ms. Foy. *See e.g., Goss*, 419 U.S. at 576.

To the extent that T.S. bases his procedural due process claim on his allegation that Ms. Foy called his parents and notified them that he "was going to be corporally punished" (Doc. 24, ¶ 57), T.S. has not stated a claim for relief. These facts do not demonstrate how Ms. Foy's telephone call deprived him of a constitutionally-protected liberty or property interest or what constitutional process T.S. was due before Ms. Foy called his parents to notify them of the punishment.

### B. Assault and Battery

In Count Three of his amended complaint, T.S. asserts state law assault and battery claims against Ms. Foy. Under Alabama law, assault is defined as:

> an intentional, unlawful offer to touch the person of another in a rude or angry manner under such circumstances as to create in the mind of the party alleging the assault a well[-]founded fear of an imminent battery, coupled with the apparent present ability to effectuate the attempt, if not prevented.

*Wright v. Wright*, 654 So. 2d 542, 544 (1995) (internal quotation marks and citation omitted). "A successful assault becomes a battery, which consists of the touching of another in a hostile manner." *Id.*

Under Alabama law, to state a claim for battery, a plaintiff must allege: "(1) that the defendant touched the plaintiff; (2) that the defendant intended to touch the plaintiff; and (3) that the touching was conducted in a harmful or offensive manner." *Ex parte Atmore Cmty. Hosp.*, 719 So. 2d 1190, 1193 (Ala. 1998); *see Surrency v. Harbison,* 489 So. 2d 1097, 1104 (Ala. 1986) ("A battery consists [of] an injury actually done to the person of another in an angry or revengeful or rude or insolent manner, as by spitting in the face, or in any way touching him in anger, or violently jostling him out of the way, or in doing any intentional violence to the person of another.") (internal quotation marks and citation omitted).

To support his assault and battery claims against Ms. Foy, T.S. repeats his allegations that Ms. Foy sent him to the principal's office and that Ms. Foy might have notified T.S.'s parents of the disciplinary action. (Doc. 24, ¶ 44). These allegations are insufficient to demonstrate that Ms. Foy engaged in conduct to create a fear of imminent battery or that Ms. Foy actually touched T.S. in a harmful

or offensive manner. Therefore, T.S. has failed to state an assault and battery claim against Ms. Foy.

### C. Intentional Infliction of Emotional Distress

In Count Four of his amended complaint, T.S. asserts a state law intentional infliction of emotional distress claim against Ms. Foy. Intentional infliction of emotional distress also is known as the tort of outrage. *Ex Parte Bole*, 103 So. 3d 40, 52 (Ala. 2012). Under Alabama law, to state a claim for intentional infliction of emotional distress, a plaintiff must allege that the defendant's conduct "(1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." *Harrelson v. R.J.*, 882 So. 2d 317, 322 (Ala. 2003) (quoting *Thomas v. BSE Indus. Contractors, Inc.*, 624 So.2d 1041, 1043 (Ala. 1993)). The Alabama Supreme Court has defined the parameters of the tort as follows:

> One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for bodily harm resulting from the distress. The emotional distress thereunder must be so severe that no reasonable person could be expected to endure it. Any recovery must be reasonable and justified under the circumstances, liability ensuing only when the conduct is extreme. Comment, *Restatement* [(*Second*) *of Torts*], supra, at 78 [(1948)].

*Harrelson*, 882 So. 2d at 321-22 (internal quotation marks and citation omitted; alterations in original).

Generally, the Alabama Supreme has recognized the tort in three circumstances:

> The tort of outrage is an extremely limited cause of action. It is so limited that this Court has recognized it in regard to only three kinds of conduct: (1) wrongful conduct in the family-burial context, *Whitt v. Hulsey,* 519 So. 2d 901 (Ala. 1987); (2) barbaric methods employed to coerce an insurance settlement, *National Sec. Fire & Cas. Co. v. Bowen,* 447 So. 2d 133 (Ala. 1983); and (3) egregious sexual harassment, *Busby v. Truswal Sys. Corp.,* 551 So. 2d 322 (Ala. 1989).

*Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000). However, the Alabama Supreme Court has not held that "the tort of outrage is viable in only the three circumstances noted in *Potts*." *Little v. Robinson*, 72 So. 3d 1168, 1173 (Ala. 2011); *see O'Rear v. B.H.,* 69 So. 3d 106 (Ala. 2011) (affirming judgment on an outrage claim when a teenage boy's mother asked a family physician to counsel him concerning the parents' divorce, and the physician instead prescribed addictive prescription drugs in exchange for homosexual sex for a number of years contributing to the boy's drug addiction). Still, intentional infliction of emotional distress "is viable only when the conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Little*, 72 So. 3d at 1173 (internal quotation marks and citation omitted).

Like his claim for assault and battery, the only facts that T.S. alleges in support of his intentional infliction of emotional distress claim against Ms. Foy is

that she sent him to the principal's office and that his parents "were notified via telephone by either Foy or Bynum that Plaintiff was going to be corporally punished." (Doc. 24, ¶ 57). These allegations are insufficient to state a claim for outrage. Ms. Foy's sending T.S. to the principal's office without first attempting in-classroom discipline may have violated school district policy, but the court cannot say that this conduct satisfies the stringent requirements for the tort of outrage. In addition, if Ms. Foy called T.S.'s parents to inform them that the assistant principal would corporally punish T.S., T.S. has not alleged facts from which the court can infer that he personally suffered emotional distress as a result of the phone call. Nothing in T.S.'s amended complaint indicates the extent of the phone call or that he overheard the conversation, and if so, what impact the call had on him. As alleged in the amended complaint, Ms. Foy's conduct is not "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency." *Little*, 72 So. 3d at 1173. Accordingly, T.S. has failed to state an intentional infliction of emotional distress claim against Ms. Foy.

## IV. CONCLUSION

For the reasons explained above, the court **GRANTS** Ms. Foy's motion for partial dismissal. (Doc. 28). The court **DISMISSES WITH PREJUDICE** T.S.'s claims against Ms. Foy for § 1983 due process violations, assault and battery, and intentional infliction of emotional distress.

Ms. Foy shall answer T.S.'s amended complaint within the time prescribed by Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this July 24, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE